UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FLOSSIE HENDERSON,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>-v.-<br>SUNRISE CREDIT SERVICES, INC.,<br>CROWN ASSET MANAGEMENT, LLC<br><br>Defendant(s). | Civil Action No: 3:22-cv-345<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Flossie Henderson (hereinafter, "Plaintiff"), a Connecticut resident, brings this Class Action Complaint by and through her attorneys, against Defendant Sunrise Credit Services, Inc. (hereinafter "Defendant SCS") and Defendant Crown Asset Management, LLC (hereinafter "Defendant Crown") (hereinafter, collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Connecticut consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Connecticut, County of Middlesex.

8. Defendant SCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 260 Airport Plaza, Farmingdale, New York 11735,

and is registered to accept service of process at c/o C T Corporation System, 67 Burnside Avenue, East Hartford, Connecticut 06108.

9. Upon information and belief, Defendant SCS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Crown is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3100 Breckinridge Boulevard, Suite 725, Duluth, Georgia 30096 and is registered to accept service of process at c/o C T Corporation System, 67 Burnside Avenue, East Hartford, Connecticut 06108.

11. Upon information and belief, Defendant Crown is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due to it or another.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of Connecticut;

    b. who were sent a letter from Defendant SCS attempting to collect a consumer debt;

    c. on behalf of Defendant Crown;

    d. whose letter states that the debt would be reported to credit bureaus on a specific date:

    e. for which this date of reporting precedes the date on the letter;

  f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §§ l692e and/or 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

22. On information and belief, on or before December 9, 2021, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

23. Upon information and belief, the alleged debt arose from transaction for money, property, insurance, or services which were primarily for personal, family, or household purposes. Therefore, the same is a "debt" as the terms is defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, Defendant Crown purchased the allegedly defaulted debt. Therefore, Defendant Crown is a "debt collector" as the phrase is defined by 15 U.S.C. § 1692a(6).

25. Thereafter, Defendant Crown contracted with Defendant SCS to attempt to collect on Plaintiff's allegedly defaulted debt.

26. On or around December 9, 2021, Defendant sent a collection letter to Plaintiff. See Collection Letter attached hereto as **Exhibit A**.

27. The letter states:

> Our client has asked us to collect this debt. We have tried repeatedly to do so but with no success. Our client has asked us to report this debt to your personal credit report with a national credit bureau.
>
> We will be reporting this debt to one or more of the national credit bureaus on or about **10-18-21**. This process can be stopped if you act promptly.

(emphasis added).

28. The letter states an intent to complete such reporting on or about October 18, 2021.

29. However, the letter is dated nearly two months *after* the alleged planned reporting to a credit bureau.

30. Furthermore, the letter says the process can be stopped if you act promptly.

31. It is nonsensical that a process can be stopped which it allegedly has already occurred.

32. At the time that Defendant SCS sent the letter on or about December 9, 2021, it had not reported Plaintiff's debt to any national credit bureau, despite the fact that it reportedly intended to do so approximately two months earlier.

33. Upon information and belief, to date, neither Defendant SCS nor Defendant Crown have reported this debt or Plaintiff's alleged delinquency pursuant thereto as to any national credit bureau, despite the threat to do so.

34. This language is threatening, and coercive, and only used with the intent of scaring Plaintiff into making payment.

35. Specifically, this language was false since the date that Defendant SCS allegedly intended to report the debt to a national credit bureau had already passed at the time the December 9, 2021 Letter was sent and no such reporting had been completed as threatened.

36. The patently false nature of Defendant SCS's threat is further demonstrated by the fact that many months later, Defendants still have not reported Plaintiff debt or alleged delinquency to any national credit bureau.

37. These violations by Defendants were unconscionable, knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

38. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

39. Defendants' deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

40. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

41. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to his detriment.

42. Plaintiff feared credit reporting, and was confused and frustrated as to the status of this debt by these misleading statements.

43. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendants made false and misleading representations when they communicated to Plaintiff and threatened to report the debt and Plaintiff's alleged delinquency thereto when Defendant had no intention of doing so in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.***

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

35. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

36. Defendant violated this section by threatening the Plaintiff with reporting the debt to a national credit bureau, when it had no intention to actually do so.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

38. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Flossie Henderson, individually and on behalf of all others similarly situated demands judgment from Defendant SCS. and Defendant Crown, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 3, 2022                    Respectfully Submitted,

**Stein Saks, PLLC**
<u>/s/Yaakov Saks</u>
Yaakov Saks, Esq.
One University Plaza
Suite 620
Hackensack, NJ 07601
Telephone: 201-282-6500 ext 101
Fax: 201-282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*